BAXTER CROWELL *versus* OTIS S. MERRICK.

In robberies and larcenies, the civil remedy in behalf of the party injured is suspended, until the criminal prosecution is disposed of; and no suit can be maintained in behalf of the party injured, till after the termination of the criminal prosecution.

EXCEPTIONS to the rulings of REDINGTON J.

This was an action of trover for a number of sheep. Plea, the general issue. It was admitted that the sheep, sued for in this action, if taken by the defendant, were feloniously stolen by him, and that a criminal prosecution is now pending against him for said larceny.

The presiding Judge thereupon ruled that the action could not be maintained, and directed a nonsuit, to which ruling and direction exceptions were filed.

*Mason*, for the plaintiff. The English rule on the subject is based on the principle, that the goods of the offender are forfeited, in cases of felony. But here there is no such forfeiture; and the consequences of felony, as known to their jurisprudence, do not attach here. *Boardman* v. *Gore*, 15 Mass. R. 336; Big. Dig. Felony, 308; 4 Bl. Com. 94; 4 Bl. Com. 6.

*James Adams*, for the defendant, argued, that the rule requiring a prosecution in behalf of the public before private remedies were allowed, was based on principles of public policy. *Foster* v. *Tucker*, 3 Greenl. 458; *Boody* v. *Keating*, 4 Greenl. 164.

*D. Goodenow*, in reply. An injury has been done to an individual, for which he is entitled to a remedy, if he complies with the duties incumbent on him as a citizen. By the constitution of Maine, Art. 1, § 1, 9, 19, 21, property is protected, unusual punishments and forfeitures abolished, and remedies given for all injuries done. The rights of the plaintiff have been invaded. All that the public interests require is, that the public prosecuting officer shall be advised of the offence committed. If the plaintiff's suit be continued till the public prosecution is terminated, that sufficiently protects the public.

Crowell *v.* Merrick.

By the Court. — By the settled law, as understood in England, and in this State, the nonsuit was properly ordered. *Boody* v. *Keating,* 4 Greenl. 164. As stated by Parker C. J. in *Boardman* v. *Gore & al.* 15 Mass. R. 331, the rule that a civil action, in behalf of the party injured is suspended, until the criminal prosecution is disposed of, is limited to larcenies and robberies. It is contended, that this rule has obtained in the English law, because these offences are there regarded as felonies ; and that we have no felonies in this State. Upon whatever recondite reasons, now obsolete, a certain class of offences have been called felonies, they are well known to our law under that appellation. Where the common law has been adopted in this country, we are not at liberty to disregard it, because the reasons, in which it originated, no longer exist. Much of the law in relation to real estate, as at present administered, can be explained only by reference to institutions, and to a state of society, very different from ours ; but until changed by the legislative power, it must be regarded as the law of the land. There do however still exist reasons for the rule in question, which are adverted to in the case of *Boody* v. *Keating ;* and in our judgment it is still in force, as part of the law of this State.

*Exceptions overruled.*